**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN K. YOUNG; SUSAN KRPATA-YOUNG, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES INC., <br><br> Defendant, <br><br> and <br><br> GREEN TREE SERVICING, LLC; et al., <br><br> Defendants-Appellees. | No. 15-35202 <br><br> D.C. No. 2:14-cv-01807-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Steven K. Young and Susan Krpata-Young appeal pro se from the district court's judgment dismissing their action alleging Truth in Lending Act ("TILA") claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed as time-barred the Youngs' TILA claim for rescission because the Youngs failed to allege facts sufficient to show that they delivered a timely notice of rescission. *See* 15 U.S.C. § 1635(f) (a borrower's right to rescind a transaction expires three years after "the date of consummation of the transaction"); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower exercises her right of rescission by notifying the creditor of her intention to rescind, whether or not the borrower has filed an action in court).

The district court did not abuse its discretion in dismissing the Youngs' action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court can dismiss without leave to amend where amendment would be futile).

2                                                    15-35202

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**